IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHERYL L. SAWYER                                                              PLAINTIFF

          v.                              Civil No. 13-3097

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                DEFENDANT

## MEMORANDUM OPINION

    Plaintiff, Cheryl Sawyer, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**    **Procedural Background:**

    Plaintiff filed applications for DIB and SSI on March 7and March 8, 2011, respectively, alleging an onset date of September 1, 2009, due to a history of back injury, depression, chronic obstructive pulmonary disease ("COPD"), neck pain, left knee pain, and feet pain.  Tr. 144, 159-160, 199-200, 211, 225.  Her applications were denied initially and on reconsideration.  Tr. 63-66, 79-83.  An administrative hearing was held on July 3, 2012.  Tr. 37-62.  Plaintiff was present and represented by counsel.

    At the time of the hearing, Plaintiff was 44 years old and possessed the equivalent of a high school education and certification as a nurse aide.  Tr. 145.  She had past relevant work

("PRW") experience as a molding machine tender, certified nursing assistant ("CNA"), and deck hull assembler. Tr. 23, 39-40, 42-44, 151-158, 170-181, 226-227.

On August 17, 2012, the ALJ found Plaintiff's depressive disorder, obesity, neck and back pain, and COPD to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 16-18. The ALJ concluded that the Plaintiff could perform sedentary work but must avoid even moderate exposure to fumes, odors, gases, poor ventilation and similar environments. Tr. 19. In addition, he found the Plaintiff to be limited to work "involving simple, routine, and repetitive tasks involving only simple, work-related decisions, with few, if any, workplace changes" and requiring no more than incidental contact with coworkers, supervisors, and the general public. Tr. 19. With the assistance of a vocational expert, the ALJ concluded Plaintiff could perform work as a clerical worker, assembler, and inspector. Tr. 24.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on September 21, 2013. Tr. 1-7. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 10, 11.

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-

3

(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

Plaintiff contends that the ALJ's decision is not supported by substantial evidence because his RFC determination is inconsistent with the opinion of the only physical examiner of record and is not supported by the record as a whole. The court has reviewed the briefs filed by the parties, the transcript of the proceedings before the Commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial evidence.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's

4

determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

The record currently before the Court contains scant medical evidence at best. *See Edwards v. Barnhart*, 314 F.3d at 967 (holding that ALJ may discount disability claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment). Although the Plaintiff alleges disability beginning in September 2009, the first medical record is dated October 19, 2009, at which time she complained of back pain. Tr. 275, 279. Dr. Wilbur prescribed Aleve and noted a fair prognosis. *See Hepp v. Astrue*, 511 F. 3d 798, 807 (8th Cir. 2008) (over-the-counter medication for pain does not support allegations of disabling pain). No further treatment was sought until October 19, 2010, when the Plaintiff reported back and neck pain. Tr. 266, 271. An examination revealed tenderness to the neck, resulting in an assessment of lumbosacral muscle strain. Dr. Roger Simons prescribed Flexeril and Darvocet. *See Kelly v. Barnhart*, 372 F.3d 958, 961 (8th Cir. 2004) (infrequent treatment is a basis for discounting a claimant's subjective complaints); *see also Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993) (holding that treating physician's conservative treatment was inconsistent with Plaintiff's allegations of disabling pain).

Plaintiff's next treatment note is dated April 7, 2011. Tr. 267, 270. Dr. Simons treated her for coughing, shortness of breath, coarse breath sounds, and lower back pain. He diagnosed her with COPD and prescribed Albuterol, Vancomycin, and Aleve.

AO72A
(Rev. 8/82)

On May 18, 2011, Plaintiff was treated at the Mountain Home Christian Clinic[1] ("MHCC") for complaints of bone spurs, back and neck pain, and continued coughing that interrupted her sleep. Tr. 278. She was prescribed Vancomycin, Combivent, and Mobic to treat COPD and degenerative disk disease. However, there are no x-ray, MRI, or other objective test results to confirm these diagnoses or establish the severity of these alleged impairments. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (holding that lack of objective medical evidence is a factor an ALJ may consider).

On May 23, 2011, Plaintiff underwent a consultative physical examination with Dr. Shannon Brownfield. Tr. 281-286. Plaintiff recited problems with back and neck pain, COPD and related coughing, shortness of breath, and depression. Coughing was noted throughout the exam. The Plaintiff exhibited a full range of motion in all of her joints, but had a limited range of motion with pain in her cervical and lumbar spine. However, no muscle spasm, weakness, or atrophy was observed and her neurological reflexes were intact. Dr. Brownfield diagnosed Plaintiff with COPD with continued smoking, central and lower back pain with some decreased range of motion, degenerative disk disease/osteoarthritis, obesity, and untreated depression and anxiety. He then opined that the Plaintiff would have moderate to severe limitation in exertion and moderate limitations in maintaining prolonged standing, walking, lifting, and using her neck.

---

[1]MHCC provides health care and spiritual support to indigent and/or underinsured individuals. Therefore, although the Plaintiff attempts to use her financial hardship as an excuse for her failure to seek out more consistent treatment, the fact that she availed herself of the services offered MHCC shows she was aware of the availability of said services. Further, there is no evidence to suggest the Plaintiff was ever refused treatment due to her inability to pay. *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (holding that the ALJ correctly discounted the plaintiff's subjective complaints when there was no evidence that the plaintiff was ever denied medical treatment due to financial reasons). Rather, the evidence seems to suggest that she simply did not seek out treatment.

On June 16, 2011, Dr. Vann Smith conducted a neuropsychological evaluation of the Plaintiff. Tr. 289-290, 303-307. He diagnosed her with cognitive disorder, non-psychotic and secondary to general medical conditions. This appears to have been largely based on Plaintiff's reported history of a concussion. However, there is no medical evidence to establish the date of this alleged brain injury or to document treatment for symptoms one would be expected to suffer as a result of a traumatic brain injury resulting in an impairment in cognitive functioning. Further, Dr. Smith is the only examiner to document any impairment in Plaintiff's cognitive functioning.

On September 12, 2011, Dr. Terry Efird performed a mental evaluation of the Plaintiff. Tr. 335-338. Plaintiff explained that she had applied for disability benefits due to chronic back and neck pain, attributing the neck pain to a reported fall at the age of 12 or 13 wherein she landed on her head. She also endorsed memory problems that had reportedly worsened over time, depression, decreased interest in activities, decreased energy, and feelings of worthlessness. However, she denied a history of either inpatient or outpatient mental health treatment. *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) (lack of formal treatment by a psychiatrist, psychologist, or other mental health professional is a significant consideration when evaluating Plaintiff's allegations of disability due to a mental impairment). Dr. Efird noted Plaintiff's mood to be normal; her affect appropriate to content; her thought processes logical, relevant, and goal-directed; and her fund of knowledge to be suggestive of average intellect. He diagnosed depressive disorder not otherwise specified and assessed a global assessment of functioning

("GAF") score of 60-70.² Dr. Efird also opined that the Plaintiff possessed the capacity to perform the cognitive tasks required for basic work-like activities, ability to track and respond adequately, and the ability to communicate in a socially adequate manner. No attention/concentration or mental pace of performance problems were noted. And, Dr. Efird found no evidence of malingering.

On October 6, 2011, Plaintiff returned to the MHCC. Tr. 359. She reported problems with depression to include crying spells, reciting a history of depression for which she had been off her medication for two years. Plaintiff also divulged a history of injury resulting in chronic lower back pain. The Meloxicam previously prescribed was of no help, so the doctor prescribed Tramadol. She was also prescribed Zoloft to treat her depression.

Plaintiff next sought treatment on July 5, 2012, at which time her depression was out of control. Tr. 371. Since her last appointment, her husband had attempted suicide and later left her. The doctor diagnosed Plaintiff with chronic depression, but noted that she did not want to see a counselor. And, we can discern no evidence to suggest that the Plaintiff was consistently prescribed medication to treat her alleged pain and/or depression. *See Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996) (claimant not on any pain medication held to be inconsistent with subjective complaints of disabling pain).

The ALJ concluded that the Plaintiff could perform sedentary work with environmental and mental limitations. Plaintiff contends that this RFC is against the greater weight of the evidence, more specifically, the assessment of Dr. Brownfield. However, aside from the

---

² A GAF score of 60-70 is indicative of moderate to mild symptoms. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 34 (4th ed. 2000).

AO72A
(Rev. 8/82)

omission of the moderate limitations related to neck usage found in Dr. Brownfield's assessment, we find that the ALJ's RFC is consistent with the doctor's findings of moderate to severe exertional limitations and moderate limitations in prolonged standing, walking, and lifting. As for the neck related limitations, we do not find that the evidence would support the limitations imposed in this area. Plaintiff failed to obtain consistent treatment for her alleged neck pain, seeking out treatment on only two occasions during the relevant time period. *See Edwards v. Barnhart*, 314 F.3d at 967 (holding that ALJ may discount disability claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment). Further, while Dr. Brownfield's examination did reveal a limitation in the range of motion in her cervical spine[3] and Dr. Simon documented tenderness in the neck on one occasion, there is no other objective evidence to support her claim of limiting neck pain. *See Forte*, 377 F.3d at 895 (holding that lack of objective medical evidence is a factor an ALJ may consider). And, neither the Plaintiff nor her treating doctors reported any limitations arising from her alleged neck pain. *See Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005) (none of the claimant's treating physicians opined the claimant was so impaired or disabled that the claimant could not work at any job).

Further, on June 18, 2011, Dr. David Hicks, a non-examining consultative examiner reviewed Plaintiff's medical records and proffered an RFC assessment. Tr. 295-302. He determined that Plaintiff could lift and carry 10 pounds occasionally and less than 10 pounds frequently, stand/walk about 2 hours per 8-hour workday, and sit about 6 hours per 8-hour work

---

[3]The exam revealed a 15 degree deficit with extension of cervical spine and a 20 degree deficit in bilateral rotation. Tr. 283.

day. Further, Dr. Hicks found she should avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation.

On September 14, 2011, Dr. Abesie Kelly, non-examining consultant completed a mental RFC assessment. Tr. 339-356. She found Plaintiff to have moderate limitations in the following areas: carrying out detailed instructions, maintaining attention and concentration for extended periods, sustaining an ordinary routine without special supervision, completing a normal workday and work week without interruptions from psychologically based symptoms, performing at a consistent pace without an unreasonable number and length of rest periods, accepting instruction, responding appropriately to criticism from supervisors, responding appropriately to changes in work setting, setting realistic goals, and making plans independently of others.

Plaintiff's reported activities of daily living also call into question her claim of disability. She reported the ability to care for her children and pets, care for her personal hygiene, prepare simple meals, wash dishes for limited periods of time, sit and fold laundry, go outside daily, drive a car, ride in a car, shop for groceries and clothing in stores and by computer, pay bills, count change, handle a savings account, use a checkbook/money orders, and go to her in-laws once per week to play cards. Tr. 161-168. *See Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997) (ability to dress and bathe and do some housework, cooking, and shopping contradicted complaints of disabling pain); *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996) (ability to care for child, occasionally drive, and sometimes go to the store contradicted disability).Perhaps the most damaging, however, is the fact that the Plaintiff continued to work two twelve hour shifts

each weekend until March 2012. Tr. 39-40. *See Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009) (it is proper for the ALJ to consider employment after alleged onset date).

As a side note, the Plaintiff also appears to assert that the burden shifts at step 5, requiring the Commissioner to show the Plaintiff is not disabled. While this step does involve a burden shift, the Commissioner is only required to show that there is other work existing in significant numbers in the national economy that the claimant can perform. *Cruze v. Chater*, 85 F.3d 1320, 1322 (8th Cir. 1996). And, in this case, this burden was met via the testimony of the vocational expert. *See Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) (proper hypothetical sets forth impairments supported by substantial evidence and accepted as true by ALJ).

Accordingly, it is the opinion of the undersigned that substantial evidence supports the ALJ's determination that Plaintiff's subjective complaints were not entirely credible, and the Plaintiff is capable of performing sedentary work with the mental and environmental limitations stated in the ALJ's opinion.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 21st day of January 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE